GRISBAUM, Judge,
concurring in part and dissent in part.
I agree with the opinion of the majority as far as it affirms the trial court’s denial of a jury trial. The attorney’s fees at issue here are not incidental to tort claims, but are incidental to a proceeding on a promissory note, and, since there is no right to a jury trial on the matter of a promissory note, the incidental matter of the attorney’s fees is not eligible for trial by a jury. See La. C.C.P. arts. 1732 and 2592.
I respectfully dissent from the portion of the majority opinion that sets asides the trial court’s denial of the partial summary judgment with respect to attorney’s fees. The majority strikes this down as being premature under the reasoning that until the facts of the case are determined, it is impossible to *315 say what law might be applicable and what relief would be appropriate. In my opinion, the law is clear on the recovery of attorney’s fees.
It is well-settled in our jurisprudence that attorney’s fees are not allowed except where authorized by statute or contract. Plaintiff has not met either requirement.
Plaintiffs counsel contends the denial of attorney’s fees as provable damages is contrary to the rule of restitutio in integrum, a well-established principle under La.C.C. art. 2315. An examination of this argument reminds me of an old adage slightly altered that fits this situation: “Oh, what a tangled web we weave when we try to collect our fees.” Plaintiffs counsel has failed to recognize basic concepts involved in this matter. This is an incidental matter to a suit on a note. The concepts of La.C.C. art. 2315 are in no way implicated.
Plaintiff attempts to state a statutory basis for recovery of his attorney’s fees by citing the Louisiana Unfair Trade Practices Act, La.R.S. 51:1405, which allows recovery of such fees. I find that argument put before this Court disrespectful. I refer plaintiff to Thibaut v. Smith and Loveless, 576 So.2d 532 (La.App. 1st Cir.1990) wherein this same attorney’s claim for attorney’s fees under the same theory was denied by the First Circuit. In doing so, the court held:
The Louisiana Unfair Trade Practices Act (LUTPA), La.R.S. 51:1401 et seq., is an act of the legislature. The legislature cannot enact laws defining or regulating the practice of law in any respect; the Louisiana Supreme Court has the exclusive and plenary power to define and regulate all facets of the practice of law, including the conduct of attorneys in the attorney-client relationship. Succession of Wallace, 574 So.2d 348 (La.1991), and the authority cited therein. Thus, the LUTPA is not applicable to the facts of this case.
Id., 576 So.2d at 537 (emphasis as found in the original).
I wholeheartedly embrace the reasoning of the First Circuit in refusing to accept the argument that the LUTPA provides a statutory basis for the recovery of attorney’s fees. Plaintiffs attorney has now been instructed twice by the courts of this State that the LUTPA does not regulate attorneys.- Regulation is conducted by the Louisiana Supreme Court.
I also do not find plaintiff is entitled to recover on a contractual basis. There is no privity of contract existing between these parties. The record reflects the only contracts were between Mrs. Esteve and Amato & Creely and the Longos and Mrs. Esteve.
Because plaintiff has not demonstrated either a statutory or a contractual basis from which to recover attorney’s fees, I would affirm the trial court’s granting of partial summary judgment.